United States District Court
Southern District of Texas
**ENTERED**
April 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON LEE KIRBY,<br>TDCJ #02050071, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-04294 |
| | § | |
| LORIE DAVID, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Brandon Lee Kirby, an inmate at the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed this prisoner civil rights action under 42 U.S.C. §1983 alleging that TDCJ medical providers failed to provide him with adequate medical care in connection with his gall bladder infection and abdominal pain. *See* Doc. No. 1. Plaintiff submitted copies of his medical records as a supplement to his complaint and a More Definite Statement. *See* Doc. Nos. 5 & 14. He later filed a response to the Court's Order for Clarification indicating that his "best guess" was that Toni Seid, RN, who signed his medical record for April 15, 2019 along with Ruth Brouwer, PA, was one of the nurses who came to his cell on April 16, 2019. *See* Doc. No. 27 ("Clarification").

Based on his Clarification, the Court issued a Supplemental Order to Answer for Ruth Brouwer, P.A. and Toni Seid, RN. Doc. No. 28. The Office of the Attorney General for the State of Texas advised that although it was authorized to accept service for Brouwer,

it was not authorized to accept service for Seid. Doc. No. 34. Brouwer filed a Motion for a More Definite Statement, pointing out that Kirby's allegations lacked facts to state a claim against her for which relief may be granted. *See* Doc. No. 32. On June 2, 2021, the Court granted Brouwer's motion and specifically ordered Kirby to file an Amended Complaint within 30 days that stated, as clearly as possible, his claims against each defendant and supporting each claim with facts. Doc. No. 37 at 4. The Court further instructed Kirby that he may use a form provided by his prison law library for claims under 42 U.S.C. § 1983 and must put "Amended Complaint" and his case number (H-19-4294) on his submission. *Id.* The Court warned Kirby that his Amended Complaint should be complete and state all the claims he intended to assert regarding the April 2019 incident that is at issue in this case, as that Amended Complaint would supersede all other pleadings and be the live pleading in this case. *Id.*

Although Kirby filed a "Pro se response to the Court's order to submit 'A More Definite Statement'" in response to the Court's June 2, 2021 Order, he did not file an Amended Complaint as instructed. *See* Doc. Nos. 38 & 39.[1] However, the Court will construe his *pro se* response to the Court's June 2, 2021 Order (Doc. No. 38), together with the allegations in his response to Brouwer's motion (Doc. No. 33), as the Amended Complaint and the live pleading superseding the other pleadings in this case.

Because Kirby filed this lawsuit when he was an inmate proceeding *in forma pauperis*, the Court is required by the Prison Litigation Reform Act (the "PLRA") to

---

[1] It appears that Doc. No. 39 is the duplicate of Doc. No. 38.

scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court will dismiss this case for the reasons explained below.

## I.  <u>BACKGROUND</u>

Kirby alleges that medical providers at the Estelle Unit failed to provide him with adequate medical care regarding his gall bladder infection and abdominal pain. He claims that this failure resulted in the surgical removal of his gall bladder at a nearby hospital.

Kirby states that he is suing Ruth E. Brouwer in her individual and official capacities as the Physician Assistant Provider and Supervisor. Doc. No. 33 at 1. He claims that other medical providers saw him twice on April 15, 2019. *Id.* He alleges that the first medical visit occurred in the early afternoon around 12:51 p.m. with Michael P. Austin, RN, and Anthony Limbrick, LVN. *Id.* The second visit occurred in the evening that same day around 8:49 p.m., and his chief complaint was that his "stomach hurt[] bad still." *Id.* His blood pressure at that second visit was high, registering at 192/92. *Id.* He alleges that he told Nurse Toni Seid that he could not keep food and water down all day. *Id.* He claims that Seid did not follow abdominal protocols and that she contacted the on-call medical provider, Ruth Brouwer, but that he was not sent to a hospital at that time. *Id.* Kirby alleges that he was diagnosed with constipation and given milk of magnesia and lactulose and was sent back to his cell. *Id.* at 1-2. He vomited up both of those medications and

attempted to go back to medical, but he was told he needed to file an I-60 to get medical attention. *Id.* at 2. He alleges that, had the providers followed the protocols for abdominal pain properly on April 15, 2019, as Nurse Boyce did on April 17, 2019, then he would have been sent to the hospital sooner. *Id.* He claims that the information in the Abdominal Assessment Sheet for his 8:49 p.m. visit on April 15, 2019 was not thorough enough or even correct in that it did not record his weight loss, appetite loss, nor his complaints that he could not keep any food or water down. *Id.* He complains that Ruth Brouwer did not refer him to a licensed physician on April 15, 2019, after he told the nurses that he threw up the medications they gave him, or on April 16, 2019, when he told these nurses that he was in terrible pain when they were called to his cell. *Id.* He contends that Brouwer had knowledge of his condition and complaints but failed to supervise even though she was in a position to take steps that could have averted the violation of his constitutional rights by sending him to a licensed medical physician and/or a referral to see one the next day. *Id.* He claims that this omission caused him to suffer in serious pain unnecessarily and have his gall bladder removed. *Id.* He states that he has had to have other surgeries to address the hernias that were allegedly caused by the removal of his gall bladder. *Id.* at 3.

Regarding Toni Seid, Kirby claims that she did not follow protocols and procedures on April 15, 2019, because she did not perform an abdominal assessment properly. Doc. No. 38 at 1. He further alleges that on April 16, 2019, after he was treated at medical earlier that day, Seid and an unknown nurse came to his cell and refused him medical treatment

because they claimed that Kirby had a preexisting medical condition that had already been treated and that there was not anything else they could do for him. *Id.*

The medical records reflect that on April 17, 2019, Kirby was sent to Huntsville Memorial Hospital, where he was evaluated and diagnosed with acute cholecystitis, an infection in the gall bladder, and had surgery to remove his gall bladder on April 18, 2019.

## II.   DISCUSSION

Kirby sues Lorie David,[2] Michael P. Austin, A. Limbrick, Ruth Brouwer, and Toni Seid, medical providers at the Estelle Unit, for failure to provide adequate medical care regarding his abdominal pain and gall bladder infection.   The Eighth Amendment's prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976).   The plaintiff must plead sufficient facts to show that he was exposed to a substantial risk of serious harm from an objective standpoint. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The plaintiff must also show that prison officials acted or failed to act with deliberate indifference to that risk. *Id.* at 834.   The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the prison officials were actually aware of the risk, yet disregarded it. *Id.* at 837, 847. Deliberate indifference is an "extremely high standard to meet," *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006), because it "requires a showing that the prison official 'knows of and disregards' the substantial risk of serious

---

[2] According to the Texas Attorney General's Office, there is no "Lorie David" who worked at the Estelle Unit during the relevant timeframe.   Kirby does not contest that he mistook her for some other nurse.   Accordingly, the claims against her are DISMISSED as she was evidently named in error.

harm facing the inmate." *Morgan v. Hubert*, 459 F. App'x 321, 326 (5th Cir. 2012) (quoting *Farmer*, 511 U.S. at 837).

In the context of medical care, a plaintiff must demonstrate that the defendants "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would evince a wanton disregard for any serious medical need.'" *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).   An inmate's dissatisfaction or disagreement with the medical treatment he received, or that the treatment was negligent or the result of medical malpractice, does not in itself state a claim for medical deliberate indifference.   *See, e.g., Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (assertions of inadvertent failure to provide medical care or negligent diagnosis are insufficient to state a claim); *Norton v. Dimazana*, 122 F.3d 286, 291-92 (5th Cir. 1997) (holding an inmate's dissatisfaction with the medical treatment he receives does not mean that he suffered deliberate indifference); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (holding inmate's "disagreement with his medical treatment" was insufficient to show a constitutional violation); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979) (finding "[m]ere negligence, neglect, or medical malpractice is insufficient" to show a constitutional violation).   A delay in medical care rises to the level of a constitutional violation only if it is occasioned by deliberate indifference resulting in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

A.    **Michael P. Austin and A. Limbrick**

Kirby alleges that Michael P. Austin, assisted by A. Limbrick, saw and evaluated him during his first visit to the medical department in the early afternoon on April 15, 2019, but that they ran tests for a cardiac issue rather than following the protocols for abdominal pain. *See* Doc. No. 33 at 1 (referring to his Clarification).  Although it appears that Austin and Limbrick failed to diagnose Kirby's gall bladder issue and treated him for a heart issue, a misdiagnosis or a disagreement with the course of medical treatment does not show deliberate indifference.  *See Estelle*, 429 U.S. at 106 (holding that "negligence in diagnosing or treating a medical condition does not state a valid claim for medical mistreatment under the Eighth Amendment").  Therefore, the claims against Austin and Limbrick must be dismissed for failure to state a claim for which relief may be granted.

B.    **Ruth Brouwer**

Kirby alleges that Ruth Brouwer failed to supervise her nursing staff and did not promptly order that he be transferred to the hospital.  A supervisory official is not liable under section 1983 for the actions of subordinates "on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987) (citations omitted). "Rather, a plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation." *Evett v. Deep East Tex. Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003) (quoting *Thompkins*, 828 F.2d at 304); *see also Southard v. Texas Bd. of Crim. Justice*, 114 F.3d 539, 550 (5th

Cir. 1997) ("[T]he misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor."). Thus, "[a] supervisory official may be held liable . . . only if (1) [they] affirmatively participate[] in the acts that cause the constitutional deprivation, or (2) [they] implement[] unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (internal quotation marks and citation omitted). There is no indication that Brouwer implemented an unconstitutional policy in deliberate indifference to Kirby's constitutional rights. Further, as explained above, she cannot be held liable for the actions or omissions of her subordinates under section 1983.

To the extent that Kirby argues that Brouwer delayed approving him for transfer to the hospital, Kirby's medical records that he attached to his original Complaint reflect that when Nurse Boyle conducted an abdominal assessment on April 17, 2019 and contacted Brouwer, Brouwer ordered Kirby's emergency transfer to Huntsville Memorial Hospital as soon as Boyle informed her of the abdominal issue. *See* Doc. No. 1-2 at 20. At the hospital, Kirby was diagnosed with an infected and inflamed gall bladder (acute cholecystitis) and received surgery to remove the gall bladder. Kirby does not plead facts to show that Brouwer was subjectively aware of a substantial risk of serious harm to him before April 17, 2019, when she acted on the information she was given by Nurse Boyle. Therefore, Kirby's claim against Brouwer must be dismissed.

### C.    Toni Seid

Kirby alleges that Toni Seid did not follow protocols for abdominal pain, misdiagnosed his pain as constipation, gave him medication for constipation that he vomited up, and later told him that there was nothing more she could do for him when she went to his cell. He alleges that he was not transported to the hospital until April 17, 2019, the day after Seid allegedly came to his cell and two days after she first saw him in the clinic.

The allegations against Seid may amount to negligence or a failure to diagnose and correctly treat him by giving him medication for constipation rather than spotting his gall bladder issue. However, negligence, medical malpractice, or a failure to diagnose do not constitute a constitutional claim for medical deliberate indifference under the Eighth Amendment. *See Estelle*, 429 U.S. at 106; *Wilson,* 501 U.S. at 297; *Fielder*, 590 F.2d at 107. Kirby alleges that when Seid came to his cell, she told him that he had received treatment for his medical issue earlier that day and that there was nothing more she could do for him. Doc. No. 38 at 1. He does not plead facts to show that Seid was subjectively aware of a substantial risk of harm to him and disregarded the risk when she stated that she did all that she could for him about the medical issue she perceived him to have at that time. *See Domino*, 239 F.3d at 756 (explaining that "the 'failure to alleviate a significant risk that [a prison official] should have perceived, but did not' is insufficient to show deliberate indifference") (quoting *Farmer*, 511 U.S. at 838)).

In addition, although he alleges that there could have been some cure for his acute cholecystitis other than surgery, he does not allege facts to show that another remedial action short of surgery was available even if he had been diagnosed a day or two sooner. Kirby does not plead facts to show that the delay in being referred to the hospital was occasioned by deliberate indifference that resulted in substantial harm. *Mendoza*, 989 F.2d at 195. Therefore, Kirby's claims against Seid must be dismissed for failure to state a claim for which relief may be granted.

## III.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The civil rights complaint filed by Brandon Kirby is **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B).

2. All other pending motions, if any, are **DENIED as MOOT**.

The Clerk shall send a copy of this Order to the parties.

SIGNED at Houston, Texas, this ____27th____ day of April 2022.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE